**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TIMOTHY LARIOS, | No. 20-15764 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02451-JAM-DMC |
| v. | |
| SCOTT LUNARDI; T. A. GARR; FOSTER, Lieutenant; R. J. JONES, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MEL HUTSHELL; JOSEPH A. FARROW, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 14, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit
Judges. Concurrence by Judge HUNSAKER.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Timothy Larios, a former California Highway Patrol ("CHP") officer, appeals from the district court's judgment in his 42 U.S.C. § 1983 action, which arose from the search of his personal cell phone during the course of a workplace investigation in 2014. The district court granted summary judgment to the defendant officials on qualified immunity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

In evaluating a grant of qualified immunity, we address two questions: first, whether there was a constitutional violation, and second, "whether the constitutional right was clearly established in light of the specific context of the case at the time of the events in question." *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (internal quotation marks and citation omitted). We may address either question first, *see id.*, and if the answer is "no," then the officer is entitled to qualified immunity. We conclude that no clearly established law prohibited the search of Larios's text messages or the creation of a backup of his cell phone data during the course of a workplace investigation.

Courts have not clearly established whether it is unconstitutional to search or seize data from a personal cell phone under the workplace inspection exception to

2

the warrant requirement for public employers established in *O'Connor v. Ortega*, 480 U.S. 709, 722 (1987), and *City of Ontario v. Quon*, 560 U.S. 746, 756 (2010). *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

Although *Quon* acknowledges that an individual may have a greater privacy expectation in their personal cell phone than a workplace-provided device, the opinion does not limit this warrant exception to workplace-provided devices only. *See Quon*, 560 U.S. at 762–63 (factoring the expectation of privacy into the "reasonable scope" inquiry of the test). Here, the CHP policy, which Larios acknowledged in writing, provided that "[w]ork stored on any type of electronic device is the property of the state and must be relinquished on demand."

The district court properly concluded that the law was not clearly established at the time of the events in question that a search or seizure of a personal cell phone pursuant to the workplace exception and workplace policy was unconstitutional. In short, applicable "existing precedent" had not "placed the statutory or constitutional question beyond debate," *Mattos*, 661 F.3d at 442 (citation omitted), and that any possible unlawfulness in defendant officials' actions was not "apparent." *Anderson*, 483 U.S. at 640. Accordingly, we affirm

the district court's grant of qualified immunity to the defendants. We need not, and do not, address whether the search and seizure in this case was constitutional.

## II

The district court did not abuse its discretion in denying Larios's motion for sanctions under a spoliation of evidence theory. *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). The district court observed that Larios's nine month delay in raising the issue was unreasonable, noting that the motion was filed after discovery closed and the dispositive motion deadline passed.

**AFFIRMED.**

*Larios v. Lunardi*, No. 20-15764

HUNSAKER, Circuit Judge, concurring:

I question whether the workplace exception to the Fourth Amendment's warrant requirement applies to the search of an employee's personal cellphone where the employee has not relinquished his privacy interests in the cellphone by agreeing to give the employer access or by some other means. *See Riley v. California*, 573 U.S. 373, 393–98 (2014) (discussing privacy interests in modern cellphones and explaining "a cell phone search would typically expose to the government far *more* than the most exhaustive search of a house"); *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) ("The workplace includes those areas and items that are related to work and are generally within the employer's control."); *cf. City of Ontario v. Quon*, 560 U.S. 746, 762 (2010) (employee knew text messages were subject to auditing); *United States v. Gonzalez*, 300 F.3d 1048, 1050 (9th Cir. 2002) (employee knew and accepted workplace policy stating "employees were required to allow . . . searches" of personal property). Here, the relevant workplace policy did not give Larios's employer the right to access or search his cellphone. The policy provided only that work product is the employer's property even if located on a personal electronic device and must be turned over to the employer which can be done without subjecting an employee's personal electronic device, including a cellphone, to search by the employer. I agree, however, that the application of the

1

workplace exception to an employee's personal cellphone is not clearly established. *Rice v. Morehouse*, 989 F.3d 1112, 1125 (9th Cir. 2021) ("[E]xisting precedent must place the lawfulness of the particular [action] beyond debate." (alterations in original) (citation omitted)); *Quon*, 560 U.S. at 762 (recognizing that an individual may have a greater interest in a personal cellphone but not addressing whether the workplace exception is limited to government-controlled devices).

I also agree that even if the workplace exception applies—the sole legal justification Defendants assert for their warrantless downloading of all the data on Larios's cellphone—and the scope of Defendants' download violated this exception, such violation was not clearly established for purposes of the qualified immunity analysis. But the outcome of this case would be different for me if this were a *scope of search* issue because the law is clear that an employer cannot rely on the workplace exception to conduct a search that does not correlate to the legitimate workplace objective of the employer's search. *Quon*, 560 U.S. at 761; *Gonzalez*, 300 F.3d at 1054–55. That is, if an employer has a justifiable basis to search an employee's personal cellphone for communications with one specific person, that does not give the employer the right to search everything else on the employee's cellphone while it is at it. But downloading all the data on Larios's cellphone is not a *search* issue in this case—it is a *seizure* issue. Larios's argument is that Defendants violated his Fourth Amendment rights by downloading the full contents of his

2

cellphone, which the record shows Defendants then used to conduct limited searches tailored to the specific objective of their investigation—whether Larios was having improper communications with a confidential informant. Existing precedent does not clearly establish that a download, or *seizure*, of this breadth of data is unconstitutional in this context. *See U.S. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1177 (9th Cir. 2010) (en banc) ("We recognize the reality that over-seizing data is an inherent part of the electronic search process . . . and this will be far more common than in the days of paper records."). Balancing an individual's privacy interests in the vast amount of data contained in modern cellphones against the government's legitimate investigative interests is a complex issue that we will continue to grapple with in future days. Made only more complex by constantly evolving technology. Indeed, there is indication in this case that Defendants had the technological means to conduct a targeted *seizure* as well as *search*. But nonetheless, based on the current state of the law, I concur.